# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: A.U.

No. 17-0198 (Taylor County 15-JA-26)

**FILED**

**June 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother F.H., by counsel Gregory Michael, appeals the Circuit Court of Taylor County's January 25, 2017, order terminating her parental rights to A.U.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed responses in support of the circuit court's order. The guardian ad litem ("guardian"), Mary S. Nelson, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the child without employing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2015, the DHHR filed an abuse and neglect petition against petitioner alleging that she abused controlled substances including methamphetamine while pregnant with the child; failed to follow medical advice that she remain at Ruby Hospital ("hospital") during her high-risk pregnancy; failed to provide the child with adequate prenatal care; and permitted the child's father to place the child in danger when he "tossed the baby" to a nurse and "pulled a knife" at the hospital before being escorted off the premises by security officers.[2] Petitioner waived her right to a preliminary hearing, and the child remained in the temporary custody of the DHHR pending further proceedings.

In early July of 2015, petitioner filed an answer to the petition in which she admitted to the allegations and moved for a post-adjudicatory improvement period. Thereafter, petitioner

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The abuse and neglect petition is not included in the appendix record.

moved to continue the adjudicatory hearing scheduled for mid-July of 2015 citing the need for additional discovery and other concerns. The circuit court granted her motion.

In February of 2016, following substantial delay, the circuit court held an adjudicatory hearing. At that hearing, petitioner stipulated to the allegations set forth in the petition. Because the child's father denied certain allegations against him regarding his conduct at the hospital, the circuit court continued the adjudicatory hearing to allow the DHHR to present evidence against the child's father.

In April of 2016, the circuit court held a second adjudicatory hearing. At that hearing, hospital staff testified about the conduct of both parents as alleged in the petition. Evidence was also presented that neither parent "had any capabilities to meet the requirements for this infant's care, or ability to parent" and that neither parent could provide for the "infant['s] needs of survival, taking care of [her]." At the conclusion of the hearing, based on the stipulations and the evidence, the circuit court found that the parents were abusing parents. The circuit court further found that petitioner lacked the capacity to parent the child safely. For that reason, the circuit court denied petitioner's motion for an improvement period.

In July of 2016, the circuit court held a dispositional hearing. At that hearing, the DHHR and guardian recommended that petitioner's parental rights to the child be terminated. No party presented, or requested to present, any witnesses. Following proffers and argument, the circuit court found that petitioner's deficiencies could not be substantially corrected in the near future and that termination of petitioner's parental rights to the child was the proper disposition.[3] By order entered on January 25, 2017, the circuit court terminated petitioner's parental rights to the child.[4] This appeal followed.

The Court has previously established the following standard of review:

[3]The parental rights of both parents were terminated below. According to the guardian, the child is permanently placed with her maternal grandmother, where she has resided since release from the hospital following her birth. The child's permanency plan is adoption by her maternal grandmother.

[4]In several instances, the delays in this case were substantial. More than six months passed between the continuation of the first adjudicatory hearing in July of 2015 and the second adjudicatory hearing in February of 2016. Presumably, the parties were engaged in discovery during that time. Thereafter, a period of approximately three months passed between the third adjudicatory hearing in April of 2016 and the dispositional hearing in July of 2016, and approximately five months passed between the dispositional hearing in July of 2016, and the entry of the dispositional order in January of 2017. The parties do not discuss these delays. Further, the reasons for these delays are unclear from the record on appeal, and no assignment of error is presented on the issue. As such, we do not address the delay issue further in this memorandum decision, except to note that "[c]hild abuse and neglect cases must be recognized as being among the highest priority for the courts' attention. Unjustified procedural delays wreak havoc on a child's development, stability and security." Syl. Pt. 1, in part, *In the Interest of Carlita B.*, 185 W.Va. 613, 408 S.E.2d 365 (1991).

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the child without employing a less-restrictive dispositional alternative. West Virginia Code § 49-4-604(b) requires courts to "give precedence" to the least-restrictive dispositional alternative. A less-restrictive dispositional alternative than termination is temporary commitment of a child to the state or another qualified person. W.Va. Code § 49-4-604(b)(5).

Petitioner asserts that the circuit court "should have found [she] was currently unable to provide adequately for [the child] and commit her temporarily to the . . . state department with placement to continue with the maternal grandmother," which would have been less restrictive than termination. In response, the DHHR and guardian argue that where, as here, there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future, termination is proper without the use of less-restrictive dispositional alternatives. We agree.

We have held that "[t]ermination . . . may be employed without the use of intervening less[-]restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected." Syl. Pt. 7, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996). West Virginia Code § 49-4-604(c)(3) provides that no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected exists when "[t]he abusing parent . . . ha[s] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts[.]"

In this case, petitioner is correct that "there was no dispute that the [p]etitioner was working on the terms of her Family Case Plan[.]" However, notwithstanding her "work" with certain services under the terms of her family case plan, the circuit court found that petitioner did not respond to those services and that there were no services to which she could respond in the near future to substantially correct the conditions of abuse and neglect. For that reason, the circuit court determined that there was no reasonable likelihood that petitioner could substantially correct the conditions of neglect and abuse in the near future and that it was not in

the child's best interests to continue in petitioner's home. As we have often noted, West Virginia Code § 49-4-604(b)(6) provides that circuit courts are directed to terminate parental rights upon such findings. Therefore, we find no merit to petitioner's argument that termination was not the least-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 25, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: June 19, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker